1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AALIYAH SEIFULLAH, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION AND REGISTRY OF PHYSICIAN SPECIALISTS,<br><br>Defendants. | Case No. 12-CV-01451-MMA-WMC<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;**<br><br>[Doc. No. 41]<br><br>**SETTING FINAL APPROVAL HEARING FOR MAY 16, 2014** |

1    Plaintiff Aaliyah Seifullah has filed a class action complaint against Defendant

2  Registry of Physician Specialists alleging various violations of California's wage and

3  hour laws.  After participating in mediation, the parties reached a tentative settlement

4  of the case.  Plaintiff now moves the Court, unopposed, for an order preliminarily

5  approving the proposed settlement in accordance with the Joint Stipulation of Class

6  Settlement and Release ("Settlement"), which, together with the attached exhibits, set

7  forth the terms and conditions for a proposed settlement of the action.  Having read

8  and considered the Settlement, the attached exhibits, and all other pertinent portions of

9  the record, the Court **GRANTS** Plaintiff's motion and **ORDERS** as follows:

10    1.    This Order incorporates by reference the definitions in the Settlement,

11  and all terms defined therein shall have the same meaning in this Order as set forth in

12  the Settlement.

13    2.    The Court hereby conditionally certifies the following Class for

14  settlement purposes only (the "Class"):

> Any and all individuals who have performed services in
> California for the California Department of Corrections &
> Rehabilitation, State of California as a Physician Assistant or
> Nurse Practitioner under contract with the Registry of Physician
> Specialists, A Medical Corporation at any time from June 14,
> 2008 to the date of preliminary approval of the Settlement.

20    3.    Based upon the Court's review of the Settlement, the supporting briefs

21  and declarations, and the entire record, the Action presents common issues of law and

22  fact, Plaintiff Aaliyah Seifullah is found to be an adequate representative of the Class,

23  and her claims are found to be typical of the other Class Members.  The following

24  attorneys are hereby appointed and designated as counsel for Plaintiff and the Class

25  ("Class Counsel"):

MESERVY LAW, P.C.
LONDON D. MESERVY (SB# 216654)
550 West C Street, Suite 1950
San Diego, CA 92101

- 1 -

Telephone:  (858) 779-1276
Facsimile:  (866) 231-8132
london@meservylawpc.com

THE DENTE LAW FIRM
MATTHEW S. DENTE (SB# 241547)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone: (619) 550-3475
Facsimile:  (619) 342-9668
matt@dentelaw.com

ROBBINS ARROYO LLP
BRIAN J. ROBBINS (SB# 190264)
600 B Street, Suite 1900
San Diego, CA 92101
Telephone:  (619) 525-3990
Facsimile:    (619) 525-3991
brobbins@robbinsarroyo.com

Class Counsel is authorized to act on behalf of Class Members with respect to all acts or consents required by, or which may be given under, the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any Class Member may enter an appearance through counsel of such Class Member's own choosing and at such Class Member's own expense.  Any Class Member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

4.      The Court preliminarily approves the Settlement, including: the definition and disposition of the Gross Payment ($300,000.00); the proposed payments to Class Members; the proposed payment to the California Labor Workforce Development Agency under the Private Attorney Generals Act of 2004, California Labor Code sections 2698 *et seq.* ($3,000.00); Class Counsel Fees and Expenses Payment (consisting of (1) up to 30% ($90,000.00) of the Gross Payment for attorneys' fees, and (2) up to $10,000.00 for reimbursement of Class Counsel's costs); and the Class Representative Payment ($7,500.00).   The Court finds on a preliminary basis that the Settlement appears to be within the range of reasonableness of a settlement that could

1  ultimately be given final approval by this Court.  The Court has reviewed the

2  monetary recovery that is being granted as part of the Settlement and recognizes the

3  significant value to the Class of that monetary recovery.[1]  The Court has reviewed the

4  relevant facts and law, including, but not limited to, all previous pleadings filed in this

5  Action, including the papers and declarations submitted by the Settling Parties in

6  support of preliminary approval.  It appears to the Court on a preliminary basis that

7  the Settlement amount is fair, adequate, and reasonable as to all potential Class

8  Members when balanced against the cost and uncertainty associated with further

9  litigation of liability and damages issues.  It further appears that extensive

10  investigation and research have been conducted such that counsel for the Settling

11  Parties at this time are able to reasonably evaluate their respective positions.  It further

12  appears to the Court that settlement at this time will avoid substantial additional costs

13  by all parties, as well as the delay and risks that would be presented by the further

14  prosecution of the Action.  It further appears that the Settlement has been reached as

15  the result of intensive, serious, and non-collusive, arm's-length negotiations.

16         5.       A hearing (the "Final Approval Hearing") shall be held before this Court

17  on **_May 16, 2014 at 2:30 p.m_**. in Courtroom 3A of the United States District Court for

18  the Southern District of California, located at 221 W. Broadway, San Diego,

19  California 92101, to determine all necessary matters concerning the Settlement,

20  including: whether the proposed Settlement of the Action on the terms and conditions

21  provided for in the Settlement is fair, adequate, and reasonable and should be finally

22  approved by the Court; whether a Judgment, as provided in the Settlement, should be

23  entered herein; whether the plan of allocation contained in the Settlement should be

24  approved as fair, adequate, and reasonable to the Class Members; and to finally

25  approve the Class Counsel Fees and Expenses Payment and the Class Representative

26  Payment.

27

28  [1] It is estimated that the average Participating Class Member will recover $1,859.79.

- 3 -

12-CV-01451

6.      The Court approves, as to form and content, the Notice attached as Exhibit A to the Stipulation.  The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Stipulation and this Order satisfies due process requirements, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Class Members.

7.      The Court appoints CPT Group, Inc. as Claims Administrator and directs the Claims Administrator to mail to Class Members the Notice by first class mail on or before ***February 18, 2014*** under the procedures set forth in the Settlement.

8.      Any Class Member may choose to opt out of and be excluded from the Class as provided in the Notice by following the instructions for requesting exclusion from the Class that are set forth in the Notice and Settlement.  All requests for exclusion must be submitted as provided in the Notice and Settlement.  Any such person who chooses to opt out of and be excluded from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon.  Any written request to opt out must be express and signed by each such person opting out.  Individuals in the Class who have not requested exclusion shall be bound by all determinations of the Court, the Settlement, and any Judgment that may be entered thereon.

9.      Any Participating Class Member may appear at the Final Approval Hearing and object to the Settlement ("Objectors").  Objectors may present evidence and file briefs or other papers that may be proper and relevant to the issues to be heard and determined by the Court as provided in the Notice.  However, no Class Member or any other person shall be heard or entitled to object, and no papers or briefs submitted by any such person shall be received or considered by the Court, unless on or before 45 days after the original date of mailing of the Notices, that person has served by hand or by first class mail written objections and copies of any papers and briefs in support of their position and verification of their membership in the Class upon Class Counsel and Defendant, and filed the objections, papers, and briefs with

- 4 -

1   the Clerk of this Court.  To be valid, the papers must be filed with the Clerk of this

2   Court and received by all of the above counsel on or before forty-five (45) days after

3   the original date of mailing of the Notices.  Any Participating Class Member who does

4   not object in the manner provided for in this Order shall be deemed to have waived

5   such objection and shall forever be foreclosed from objecting to the Settlement.

6          10.    The Court incorporates by reference and preliminarily approves the

7   release of claims set forth in Section III, Paragraph O of the Settlement.

8          11.    As of the date this Order is signed, all dates and deadlines associated with

9   the Action shall be stayed, other than those related to the administration of the

10  Settlement of the Action.

11         12.    If the Settlement does not become effective in accordance with the terms

12  of the Settlement, or the Settlement is not finally approved, or is terminated, canceled

13  or fails to become effective for any reasons, this Order shall be rendered null and void

14  and shall be vacated, and the Parties shall revert to their respective positions as of

15  before entering into the Stipulation.

16         13.    The Court reserves the right to adjourn or continue the date of the Final

17  Approval Hearing and all dates provided for in the Stipulation without further notice

18  to Class Members, and retains jurisdiction to consider all further applications arising

19  out of or connected with the proposed Settlement.

20         14.    The Court retains exclusive jurisdiction over the Action to consider all

21  further matters arising out of or connected with the Settlement.

22         15.    In accordance with the Settlement, the Court hereby adopts the following

23  dates for performance:

| January 28, 2014 | Deadline for Defendant to provide Settlement Administrator with Class data |
|---|---|
| February 18, 2014 | Deadline for Settlement Administrator to mail the Notice to all Class Members |

12-CV-01451

| March 7, 2014 | Last day for Class Counsel to file Motion for Attorneys' Fees and Costs |
|---|---|
| April 4, 2014<br><br>(45 days after mailing of Class Notice) | Last day for Class Members to submit written objections to the Settlement and any notices of intent to appear at the final approval hearing |
| April 4, 2014<br><br>(45 days after mailing of Class Notice) | Last day for Class Members to submit requests to be excluded from the Settlement |
| April 16, 2014 | Last day for Settlement Administrator to provide the parties with a declaration of compliance with its obligations under the Settlement |
| April 18, 2014 | Last day for Class Counsel to file Motion for Final Approval of Settlement |
| May 2, 2014 | Last day for filing of any written opposition to Motion for Final Approval of Settlement and/or Plaintiff's request for Attorneys' Fees and Costs, and Class Representative payment, and payment to Settlement Administrator |
| May 16, 2014 at 2:30 p.m. | Final Approval Hearing |

**IT IS SO ORDERED**.

Dated: January 10, 2014

_____
Hon. Michael M. Anello
United States District Judge

12-CV-01451