# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AALIYAH SEIFULLAH, Individually and on Behalf of Other Members of the Public Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>Defendants. | Case No. 12-cv-01451-BAS(JLB)<br><br><u>CLASS ACTION</u><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS; AND**<br><br>**JUDGMENT AND DISMISSAL**<br><br>(ECF No. 49) |

Presently before the Court is Plaintiff's Motion for Attorney's Fees and Costs (ECF No. 49 ("Fees Motion")), as supplemented by Plaintiff's application for an award of attorneys' fees and costs submitted as part of Plaintiff's Motion for Final Approval of Class Action Settlement and Application for Award of Attorneys' Fees and Costs, Class Representative's Enhancement Payment, and Payment to Settlement Administrator ("Final Approval Motion") (ECF No. 52).

In her Fees Motion, Plaintiff sought an order approving Class Counsel's request for an award of $90,000 in attorneys' fees (or 30% of the $300,000 Settlement) and at least $8,609.61 in costs as part of the Settlement reached in this

matter. (Fees Motion at p. 1.) Plaintiff represented that she would seek approval of any additional costs incurred by Class Counsel in her Final Approval Motion. (*Id.* at p. 1, n. 2.) Plaintiff's Fees Motion was unopposed. (*Id.* at p. 1.) Subsequently, in her Final Approval Motion, Plaintiff revised her requested costs award and requested approval of $8,782.08 in costs. (Final Approval Motion at p. 1.) This motion was similarly unopposed. (*Id.*)

On June 23, 2014, the Court held a hearing on Plaintiff's Fees Motion and Final Approval Motion. (ECF No. 54.) During the hearing, the Court deferred any ruling on the Fees Motion (as supplemented by the Final Approval Motion) and ordered Class Counsel to submit additional information justifying the amount of the requested attorneys' fees, including a calculation of the lodestar and an explanation as to why an attorneys' fee award of 30% was warranted in this case as opposed to the 25% benchmark set by the Ninth Circuit. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) (observing "[t]his circuit has established 25% of the common fund as a benchmark award for attorney fees"). On July 2, 2014, Plaintiff submitted a supplemental brief in support of her Fees Motion. (ECF No. 56.)

As an initial matter, the Court finds that it is appropriate and fair to calculate Class Counsel's fee in this case as a percentage of the common Settlement fund that their efforts helped to create. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

In common fund cases, the Ninth Circuit requires that the fee awards "be reasonable under the circumstances." *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir. 1990). The "typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark." *Vasquez v. Coast Valley Roofing, Inc.* 266 F.R.D. 482, 491 (E.D. Cal. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000));

1  *Hanlon*, 150 F.3d at 1029; *Staton v. Boeing Co.*, 327 F.3d 938, 972 (9th Cir.
2  2003)). The percentage may be adjusted below or above the benchmark "to
3  account for any unusual circumstances," but reasons for adjustment must be clear.
4  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *see
5  also In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 379 (9th Cir.
6  1995) ("The district court may adjust the benchmark when special circumstances
7  indicate a higher or lower percentage would be appropriate."). When assessing
8  whether the requested fee percentage is reasonable, courts look to the following
9  factors: (1) the results achieved; (2) the risk of litigation; (3) the skill required, (4)
10 the quality of work; (5) the contingent nature of the fee and the financial burden;
11 and (6) the awards made in similar cases. *See Vizcaino v. Microsoft Corp.*, 290
12 F.3d 1043, 1047 (9th Cir. 2002).
13       In her Fees Motion, Plaintiff argues that the requested attorneys' fees and
14 costs are reasonable in light of the following: (1) Class Counsel successfully
15 negotiated a non-reversionary cash settlement of $300,000 which confers
16 significant and immediate benefits on class members and the State of California;
17 (2) "Defendant denied each of Plaintiff's allegations and offered legal and factual
18 grounds in defense of this action" and "strongly contested the propriety of class
19 treatment of the claims at issue"; (3) the issues involved required skill in a narrow
20 practice area and a significant expenditure of time; (4) Class Counsel undertook
21 this matter on a contingency basis; and (5) Class Counsel's request for 30% is in
22 line with attorneys' fees awarded in other common fund settlements. (Fees Motion
23 at pp. 6-9.)
24       In her supplemental brief, Plaintiff further argues that "the requested
25 attorneys' fees award of 30% of the class action Settlement achieved by Class
26 Counsel falls well within the percentages awarded in other class action litigation
27 by California trial courts." (ECF No. 56 at p. 2.) Plaintiff cites specifically to
28 recent wage and hour class actions where federal district courts approved attorney

fee awards ranging from 30 to 33%. *See Vasquez*, 266 F.R.D. at 491-92. Plaintiff also represents that "Class Counsel's combined lodestar is $191,602.50, well in excess of the requested $90,000." (ECF No. 56 at p. 3.) This calculation is supported by declarations from Class Counsel. (ECF No. 56-1 to 56-4.) The lodestar calculation, "which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Vizcaino*, 290 F.3d at 1050.

Upon consideration of the foregoing, as well as all pleadings filed in this matter and argument heard thereon, the Court finds that an award of attorneys' fees in the amount of $90,000 (equivalent to 30% of the Gross Payment[1]) and costs and expenses in the amount of $8,782.08 is reasonable and that the results achieved justify the award. Accordingly, the Court **GRANTS** Plaintiff's Fees Motion (ECF No. 49).

The Court further **ORDERS** as follows:

1. The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Settlement; and

2. As provided in paragraph 11 of the order approving settlement (ECF No. 55), CPT Group, Inc. shall distribute the Net Aggregate Settlement Amount including the payment of Participating Class Members' Final Gross Settlement Award and the payment of applicable taxes, in accordance with the terms of the Settlement.

///
///
///
///

---

[1] All terms used herein shall have the same meaning as given them in the Settlement entered in this matter.

1 **JUDGMENT AND ORDER OF DISMISSAL**

2 The Court hereby **DISMISSES** this action **WITH PREJUDICE** and enters
3 Judgment, provided, however, that without effecting the finality of the Settlement or
4 the Judgment entered herein, this Court shall retain exclusive and continuing
5 jurisdiction over this Action and the Settling Parties, including all Settling Class
6 Members, for purposes of enforcing and interpreting this Order, the Settlement, the
7 settlement process established therein, and any such other post-Judgment matters as
8 may be appropriate under the Federal Rules of Civil Procedures, local rules, or any
9 applicable law for a period of **six (6) months** from the entry of this Order.

10 **IT IS SO ORDERED.**

12 DATED: July 18, 2014

*[Signature]*
Hon. Cynthia Bashant
United States District Judge